UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY EDWARD MILLER,

    Petitioner,

v.                                                     Case No. 8:07-cv-400-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.

_____/

## **O R D E R**

Miller petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the revocation of his parole. Numerous exhibits ("Respondent's Exhibit __") support the response.[1] The respondent admits that Miller fully exhausted the grounds asserted in the petition (Response at 8 Doc. 12) and offers no challenge to the petition's timeliness.

## **FACTS**[2]

In 1991 Miller was convicted for numerous counts of lewd and lascivious conduct and was sentenced as an habitual felony offender. On June 1, 2002, Miller was conditionally released, subject to supervision until 2017. Approximately a month after his release Miller violated a condition of release by failing to keep an electronic tracking device within one hundred feet of him. At a revocation hearing Miller admitted guilt and

---

[1] The respondent filed the exhibits electronically as attachments to the response.

[2] This summary of the facts derives from the circuit court's order denying Miller's petition for a writ of mandamus. (Respondent's Exhibit M)

contended (1) that he inadvertently left the monitoring box behind while paying for gasoline and (2) that, when he realized the box was missing, he called the probation officer and returned to the station to retrieve the box. The officer charged with Miller's supervision recommended revoking Miller's parole. (Respondent's Exhibit G at 3) The hearing examiner found Miller guilty but recommended reinstatement to supervision. (Respondent's Exhibit H at 5) The Florida Parole Commission approved the finding of guilt and revoked Miller's supervision. (Respondent's Exhibit I)

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas

- 2 -

corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002). See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

In per curiam decisions without a written opinion, the state appellate court affirmed both Miller's petition for the writ of habeas corpus (Respondent's Exhibit K) and petition for the writ of mandamus. (Respondent's Exhibit N) The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

- 3 -

Miller bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). The focus is on the state court's application of controlling precedent, not whether the state court failed to cite the appropriate precedent. "[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003), quoting Early v. Packer, 537 U.S. 3, 8 (2002). Consequently, this court must defer to the findings of fact in the state court's rejection of Miller's two petitions challenging the revocation of parole. Respondent's Exhibits K and L)

Grounds One and Two:[3]

Miller complains that the Florida Parole Commission violated his due process rights by revoking his parole contrary to the recommendation of the hearing examiner. In denying Miller's petition for the writ of mandamus, the state circuit court rejected this claim (Respondent's Exhibit M at 1-2):

---

[3] For clarification, Miller's petition (Doc. 1) presents two grounds. Ground one in the petition alleges both a due process claim and a claim that a violation of a parole condition must be "willful" to warrant revocation. Likewise Miller combined the two claims in his state proceeding. But Miller separated his "willful" argument in the supporting memorandum (Doc. 2), labeling it as ground two. The response (Doc. 12) tracks the supporting memorandum, addressing the "willful" argument as ground two. The content of ground two in the petition is labeled as ground three in the supporting memorandum and the response.

- 4 -

In his Petition for Writ of Mandamus, Plaintiff challenges the Parole Commission's actions in rejecting the parole examiner's recommendation that he be restored to supervision based on the holding in Tedder v. Florida Parole Comm'n, 842 So.2d 1022 (Fla. 1st DCA 2003). The Court in Tedder, however, merely stated that the Parole Commission could not reject a hearing examiner's factual findings as long as they were supported by competent, substantial evidence. In the case at bar, the Parole Commission accepted the factual findings and determination of guilt by the hearing examiner. Pursuant to Florida Statute §947.141(4), the decision on whether to revoke supervision of a conditional release violator is within the discretion of the Parole Commission. While the hearing examiner may make a recommendation, it is not binding on the Commission.

Plaintiff also argues that the evidence did not demonstrate that the violation was willful. Whether a violation of supervised release is willful is a question for the trier of fact and cannot be reversed unless an abuse of discretion is shown. Robinson v. State, 689 So.2d 1147 (Fla. 4th DCA 1997). Plaintiff has not demonstrated an abuse of discretion.

Before revoking parole a state must accord the parolee due process, although the process due is less than that required in a criminal proceeding.[4] Morrissey v. Brewer, 408 U.S. 471, 480-82 (1972). Miller asserts no challenge to the process employed before his parole was revoked. Instead, Miller argues that the parole commission violated state law by rejecting the hearing examiner's recommendation for reinstatement of parole. Miller mistakenly believes that the examiners recommendation was a finding of fact that binds the parole commission. A hearing officer's finding of fact binds the parole commission, Ellis v. Fla. Parole Comm'n, 911 So.2d 831 (Fla. 1st DCA 2005), but

---

[4] Morrissey, 408 U.S. at 489, listed the minimum requirements of due process as follows:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

- 5 -

a hearing officer's recommendation regarding revocation is not a binding fact. Lopez v. Fla. Parole Comm'n, 943 So.2d 199 (Fla. 1st DCA 2006).

Whether Miller's violation was "willful" was a factual issue. The state court recognized that "whether a violation of supervised release is willful is a question for the trier of fact and can not be reversed unless an abuse of discretion is shown" and ruled that Miller showed no abuse of discretion. Whether Miller's conduct was "willful" is both a question of fact and a matter of state law not cognizable on federal review. "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991), cert. denied, 502 U.S. 1105 (1992), quoting Carrizales v. Wainwright, 699 F.2d 1053, 1053-54 (11th Cir. 1983).

Pursuant to Section 2254(d), Miller must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Ground one lacks merit because Miller fails to meet his burden.

Ground Three:

Miller argues that the requirement that he wear a monitoring device is an ex post facto application of law because the criminal conduct occurred before enactment of the statute that mandated electronic monitoring. In denying Miller's petition for the writ of habeas corpus, the state circuit court rejected this claim as follows (Respondent's Exhibit K at 1-2):

Plaintiff was sentenced to five concurrent fifteen year sentences followed by a twelve year consecutive sentence for Lewd and Lascivious Acts committed in 1991. Petitioner previously served a two-and-a-half year sentence for Lewd and Lascivious Acts committed in 1986. On June 1, 2002, Plaintiff was released to conditional release supervision pursuant to Florida Statute §947.1405 subject to terms and conditions until September 6, 2017. Special Condition 24 of the Certificate of Conditional Release provided, "At the discretion of the Department of Corrections you shall submit to electronic monitoring. Your failure to submit and comply with this condition may be considered grounds for revocation of your supervision." At a hearing on August 9, 2002, Plaintiff pled guilty to a charge of failing to carry a position tracking device with him at all times as directed by his correctional probation officer. On September 11, 2002, the Commission revoked Plaintiff's conditional release supervision. Plaintiff contends that he should not have been subject to conditional release supervision because his 1986 offenses predate the 1988 enactment of the Conditional Release Program Act. Plaintiff also argues that he should not have been subject to electronic monitoring as it was not listed in Florida Statute §947.1405 as a condition of conditional release supervision until 1997.

At the time of Plaintiff's 1991 offenses, Florida Statute §947.1405 (Supp. 1990), provided in pertinent part:

> (2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to §775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions. A panel of no fewer than two commissioners shall establish the terms and conditions of any such release . . . .
>
> * * *
>
> (6) Upon receipt of notice as required under §947.175, the commission shall conduct a review of the inmate's record for the purpose of establishing the terms and conditions of the conditional release. The commission may impose any special conditions it considers warranted from its review of the record. If the commission determines that the inmate is eligible for release under this section the commission shall

enter an order establishing the length of supervision and the conditions attendant thereto. The length of supervision must not exceed the maximum penalty imposed by the court.

Plaintiff was properly subjected to conditional release supervision as his convictions for Lewd and Lascivious Acts were Category 2 offenses occurring after the 1988 enactment of the conditional release program act. The qualifier of a "prior felony commitment" does not implicate *ex post facto* prohibitions as it does not increase the penalty for a crime committed prior to its enactment.

Similarly, the law in effect at the time of Petitioner's offense authorized the Florida Parole Commission to impose any conditions it considered warranted from a review of the record, including electronic monitoring. The subsequent legislative enactment of a provision authorizing electronic monitoring for sex offenders did not negate the Commission's discretionary authority to impose electronic monitoring on previously committed offenders.

The state court ruled that the Parole Commission properly exercised its discretion to require electronic monitoring as a condition of release as permitted by the law in 1991, when Miller committed his crimes. Because monitoring as a condition of release was permitted, the later 1995 statute requiring monitoring is inconsequential. Miller has no ex post facto claim. The state court's decision was neither unreasonable nor contrary to controlling law.

Accordingly, Miller's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Miller and close this case.

ORDERED in Tampa, Florida, on June 11, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE